# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LESTER V. KERAN, JR.,

      Plaintiff,

v.                                              Civil Action 2:21-cv-1943
                                                 Judge Edmund A. Sargus, Jr.
                                                 Magistrate Judge Chelsey M. Vascura

ANNETTE C. SMITH, DIRECTOR, *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Lester V. Keran, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this action against Defendants Annette C. Smith, Director; Sherry D. Smith, ODRC/MCI OPI Regional Director; Walt Holley, ODRC/MCI OPI Superintendent; and S. Harford, ODRC/MCI OPI Employee, in which he alleges the Defendants failed to properly train him in the safe operation of machinery in the Ohio Penal Industries ("OPI") sheet metal shop, and improperly terminated his employment with OPI when he refused to work on certain machines without proper training, in violation of 42 U.S.C. § 1983. (*See* Pl.'s Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that

follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 3.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that has only $132.18 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A149140) at Marion Correctional Institution ("MCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

3

governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se*

complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. BACKGROUND

Plaintiff alleges that he has worked in MCI's OPI sheet metal shop as a material handler for eight years. (Compl. ¶ 4.) He alleges that on December 24, 2019, "the defendant" ordered Plaintiff to instead work in the grinder and sander area. (*Id.* ¶ 3.) Plaintiff refused, stating that he had never been trained to use the grinders or sanders. (*Id.* ¶ 4.) As a result of his refusal, "the defendant" fired Plaintiff from his prison employment with the OPI sheet metal shop. (*Id.* ¶ 5.) Plaintiff contends that Defendants' failure to provide training on the grinders and sanders constitutes deliberate indifference in violation of the Eighth Amendment, and that had Defendants properly trained him, he would not have been removed from his prison job. (*Id.* ¶¶ 1, 9–10, 14, 20.) Plaintiff further alleges that Defendants violated his Fourteenth Amendment due process rights when they terminated his employment with the OPI metal shop, as his termination required prior approval from prison officials pursuant to ODRC policy, and required that he first receive poor performance evaluations. (*Id.* ¶ 11–12, 15.)

Plaintiff argues that the Defendants' actions violated his Eighth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. (*Id.* ¶ 1.) He seeks declaratory and injunctive relief, as well as unspecified damages. (*Id.* ¶¶ 22–26.)

## III.    ANALYSIS

### A.    Lack of Allegations of Personal Involvement

Plaintiff specifies that "Defendants are being sued in their individual capacity under the color of state law . . . ." for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Compl. ¶ 1.)  However, Plaintiff's Complaint is devoid of any allegations of personal involvement by any Defendant.  The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original).  "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012).

Here, although Plaintiff individually names Annette C. Smith, Sherry Smith, Walt Holley, and S. Harford as Defendants, the Complaint's allegations nonetheless attribute all actions to "the defendant" or "defendants" without specifying actions taken by any one individual.  These are precisely the kind of categorical references to "Defendants" that the Sixth Circuit has rejected in the context of alleged constitutional violations by government actors.  Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

Moreover, as detailed below, even if Plaintiff had specified each Defendant's personal involvement, his Complaint would still fail to state a claim for violation of § 1983.

### B.    Eighth Amendment Claim

Plaintiff alleges that Defendants' failure to provide training to inmates on use of sanders and grinders in the OPI sheet metal shop amounts to deliberate indifference to inmate safety in violation of the Eighth Amendment.  "The [Eighth] Amendment . . . imposes duties on [prison]

6

officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Such claims under the Eighth Amendment require a plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). The United States Supreme Court has offered the following guidance with respect to the objective factor:

> [The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36.

"To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

7

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)).

The Sixth Circuit has not "addressed claims related to the hazardous working conditions of inmates, [but] other circuits have held that the Eighth Amendment is implicated when prisoners are forced to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain." *Jackson v. Schultz*, No. 18-11140, 2018 WL 6985112, at *3 (E.D. Mich. Nov. 27, 2018), *report and recommendation adopted*, 2019 WL 141529 (E.D. Mich. Jan. 9, 2019); *see also Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The Eighth Circuit also held that "the intentional placement of a prisoner in dangerous surroundings can violate the Eighth Amendment, though mere negligence is not sufficient." *Jackson*, 2018 WL 6985112, at *3 (citing *Bibbs v. Armontrout,* 943 F.2d 26, 27 (8th Cir. 1991).

Here, Plaintiff has failed to sufficiently allege an Eighth Amendment violation. Although Plaintiff has alleged that his assignment to the grinder and sander area was unsafe due to lack of training, Plaintiff has not alleged that he was *required* to work in this position, or that he was required to work at all. Thus, even under the law of other circuits, Plaintiff has not plausibly alleged an Eighth Amendment violation premised on the allegedly unsafe working conditions. *See also Robertson v. Shelby Cty., Tenn.*, No. 05-2579 P, 2007 WL 9706140, at *5 (W.D. Tenn. July 13, 2007) ("[C]ourts have recognized that the mere failure to provide proper instructions or safety devices for use on prison work details does not constitute deliberate indifference.") (quoting *Smalls v. Berrios*, No. 3:06cv96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007)) (holding that plaintiff's allegations that defendant's failure to provide instructions or safety

training on work equipment did not rise to the level of deliberate indifference and, at most, suggested negligence). Accordingly, the undersigned **RECOMMENDS** that this claim be **DISMISSED**.

C.     **Fourteenth Amendment Claim**

Plaintiff has also failed to plausibly allege a Fourteenth Amendment due process claim. More specifically, Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged that his employment termination amounted to a deprivation of a constitutionally protected interest.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Sixth Circuit has held repeatedly that prisoners do not have a constitutional right to a prison job. *E.g.*, *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011) ("[Plaintiff inmate] has no constitutional right to prison employment because the loss of his position does not impose an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'") (quoting *Sandin*, 515 U.S. at 484); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("It is well established, however, that no prisoner has a constitutional right to a particular job or to any job."); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) ("A prisoner has no constitutional right to prison employment or a particular prison job.").

9

Because Plaintiff's termination from his materials handler position at the sheet metal shop does not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," Plaintiff's due process claim must fail. *Sandin*, 515 U.S. at 484. Accordingly, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment due process claim be **DISMISSED**.

## IV. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE