UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LESTER V. KERAN, JR.,

        Plaintiff,

                          Case No. 2:21-cv-1943
    v.                        Judge Edmund A. Sargus, Jr.
                          Magistrate Judge Chelsey M. Vascura

ANNETTE C. SMITH, DIRECTOR, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on July 12, 2021. (ECF No. 12.) The Magistrate Judge previously issued a report and recommendation to dismiss the case on May 3, 2021, (ECF No. 4), but allowed Plaintiff to cure the complaint's deficiencies in an amended complaint. (ECF No. 8.)

Plaintiff filed an amended complaint (ECF No. 11) and the Magistrate Judge issued a second report and recommendation recommending dismissal pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted. ("R. & R.," ECF No. 12). Plaintiff filed an objection ("Pl.'s Obj.," ECF No. 15). The second report and recommendation is ripe for consideration. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** the case.

## I.      BACKGROUND

Plaintiff Lester Keran Jr. is currently imprisoned at Marion Correctional Institution ("MCI") in Marion County, Ohio. (Compl. ¶ 1, ECF No. 1-1.) All events giving rise to Plaintiff's claims occurred while the Plaintiff was working in MCI's Ohio Penal Industries ("OPI") sheet

metal shop. (*Id.*) The defendants are the Director of the Ohio Department of Corrections, the Regional MCI/OPI Director, an MCI/OPI Superintendent, and an MCI/OPI Floor Supervisor. (Am. Compl., ECF No. 11.)

Plaintiff alleges that he was working in the sheet metal shop's packing and shipping department on December 24, 2019, when Defendant Hartford ordered him to work in the grinder and sander area. (*Id.* ¶ 13.) Plaintiff allegedly told Defendant Hartford that he was not trained to use grinders and sanders and refused to work without training. (*Id.* ¶¶ 14, 15.) Defendant Hartford then fired Plaintiff from the sheet metal shop. (*Id.*) According to Plaintiff, Hartford allegedly fired him because Hartford did not know how to train Plaintiff to operate the grinder and sander. (*Id.* ¶ 16.)

Plaintiff alleges that Defendant Walt Holley, MCI/OPI Superintendent, agreed with Defendant Hartford to remove Plaintiff from the shop, and did so without prior written approval. (*Id.* ¶¶ 24–29.) Plaintiff further alleges that Defendant Sherry Smith, MCI/OPI Regional Director, was not trained to hire qualified supervisors or follow the training manuals. (*Id.* at ¶¶ 33–35.) Finally, Plaintiff avers that Defendant Annette Smith, ODRC Director, failed to provide adequate training or safeguards to sheet metal shop employees and the other defendants, which resulted in employees suffering serious injuries and Plaintiff's termination from the shop. (*Id.* ¶¶ 1, 5, 7.) On April 21, 2021, Plaintiff commenced this action asserting claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. (Compl. ¶ 1.) Plaintiff added a *Monell* claim in his objection to the Magistrate's report and recommendation. (Pl.'s Obj. at 4.)

## II.    STANDARD OF REVIEW

The district court reviews objections to a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1). Objections to a report and recommendation "must be clear enough to enable to the

district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Prison Litigation Reform Act requires the Court to dismiss any portion of the complaint *sua sponte* "that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); 28 U.S.C. § 1915A(b)(1). Courts apply the same standards to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Also, "construction of pro se complaints can include additional allegations set forth in objections to the Magistrate Judge's R&R at the discretion of the district court." *Id.*

### III.    ANALYSIS

Considering the Plaintiff's Complaint, Amended Complaint, and Objection to the second report and recommendation together, the Court finds the Plaintiff has not alleged plausible facts sufficient to support Plaintiff's claim for relief. First, Plaintiff asserts that the defendants violated his Fourteenth Amendment due process rights. Second, in his original complaint, Plaintiff alleged violations of the Eighth Amendment. (Compl. ¶ 1.) In his objection to the second Report and Recommendation, however, Plaintiff denied that he asserted an Eighth Amendment claim deliberate indifference claim. Instead, he asserts a *Monell* claim for municipal liability. (Pl.'s Obj. at 4–6.) The Court addresses each claim in turn.

#### A. Fourteenth Amendment Claim

Plaintiff asserts that Defendants Hartford and Holly violated his Fourteenth Amendment due process rights by firing him from the sheet metal shop arbitrarily, without approval from the work assignment committee, and in violation of prison policy. (Pl.'s Obj. at 7–8.) Plaintiff also claims that Defendant Smith violated his due process rights and acted with deliberate indifference by failing to train the other defendants or hire supervisors with metal sheet manufacturing experience. (*Id.* at 4–6.)

The Fourteenth Amendment provides protection for persons against "deprivations of life, liberty, or property." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To invoke the Fourteenth Amendment's procedural protection, a plaintiff must establish that one of the interests, life, liberty, or property, is at stake. *Id.* A liberty interest arises in prison workplaces when an assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 210 (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Prisoners do not have a constitutional right to a prison job because, "in relation to typical prison life, the loss of a

4

prisoner's employment does not impose a significant or atypical hardship." *E.g.*, *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011).

In this case, Plaintiff is an inmate alleging improper training and termination. He has no constitutional right to his job as a materials handler in the sheet metal shop. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("no prisoner has a constitutional right to a particular job or to any job."). Plaintiff did not allege facts suggesting his termination imposed a significant hardship on him in relation to the ordinary incidents of prison life. He furthermore has no constitutional right to training for his prison job. Therefore, Plaintiff's Fourteenth Amendment due process claim is **DISMISSED.**

### B. Eighth Amendment Claim

Plaintiff, in his original complaint, asserts that his Eighth Amendment right was violated by Defendants' failure to provide training on the use of sanders and grinders in the sheet metal shop, amounting to deliberate indifference to inmate safety. A prison or prison official violates a prisoner's Eighth Amendment rights if they are deliberately indifferent to a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison officials are "under obligation to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *DeShaney v. Winnebaggo Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989).

An Eighth Amendment violation claim requires the plaintiff to prove both the subjective and objective elements. *Helling*, 509 U.S. at 35. To satisfy the objective component, Plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 298). In other words, exposing the inmate to such a

risk must "violate contemporary standards of decency." *Helling*, 509 U.S. at 36.  To satisfy the subjective component, Plaintiff must show that a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 26; *Berkshire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019).

The Sixth Circuit has not directly addressed hazardous working conditions claims, but other circuits have held that when prisoners are forced to perform physical labor which endangers their lives, causes undue pain, or is beyond their strength, the Eighth Amendment is implicated. *Jackson v. Schultz*, No. 18-11140, 2018 WL 6985112, at *3 (E.D. Mich. Nov. 27, 2018), *report and recommendation adopted*, 2019 WL 141529 (E.D. Mich. Jan. 9, 2019); *see also Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

In this case, Plaintiff has failed to sufficiently allege an Eighth Amendment violation. While Plaintiff alleged that he informed the Defendant he was not trained to use grinders and sanders, he did not allege he was required to work while incarcerated. Courts in other circuits have consistently held that lack of proper instructions for prison employment constitutes negligence, not deliberate indifference. *Robertson v. Shelby Cty., Tenn.*, No. 05-2579 P, 2007 WL 9706140; *Smalls v. Berrios*, No. 3:06cv96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007). Furthermore, Plaintiff failed to allege that working in the grinder and sander area was dangerous to his life, health, unduly painful, or beyond his strength. Plaintiff's Eighth Amendment claim is therefore **DISMISSED**.

### C.  *Monell* Claim for Municipal Liability

Plaintiff asserts a *Monell* claim alleging municipal liability under § 1983 for failure to train. Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), local government units may be liable under § 1983 only when a government custom or policy causes a constitutional

deprivation. 436 U.S. at 691. First, Plaintiff's *Monell* claim fails because he is not suing the government and cannot bring a *Monell* claims against individual defendants. Second, as discussed above, Plaintiff did not suffer a constitutional deprivation because he does not have a constitutional right to his prison job or training for a prison job. Therefore, Plaintiff's *Monell* claim is **DISMISSED.**

## IV.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation (ECF No. 12), and **DISMISSES** the case. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**1/11/2022**                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**